UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES HARNAGE, | : |
|     Plaintiff, | : |
| | : |
| v. | :   Case No. 3:16cv1876(AWT) |
| | : |
| LISA CALDONERO, ET AL., | : |
|     Defendants. | : |

## **RULING AND ORDER**

The plaintiff, James Harnage, is currently incarcerated at Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut. He has filed a complaint pursuant 42 U.S.C. § 1983 naming Medical Staff Member Lisa Caldonero, Jane Does 1-3 and John Does 1-3, Nurses Francis, Caroline, Nikki, Greene, Marissa and James, Physician Assistant Rob and Drs. Naqvi and Pillai as defendants. For the reasons set forth below, the complaint is being dismissed.

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." Id. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a pro se complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

The plaintiff asserts that he was confined at MacDougall-Walker Correctional Institution ("MacDougall-Walker") between August 2012 and July 2016. He generally contends that he

2

challenged "deficiencies in his medical care" during this period by filing grievances and legal actions. Compl., ECF No. 1 at 4, ¶ 16.

On May 27, 2013, the plaintiff observed a medical staff member at MacDougall-Walker inject an inmate with a dose of insulin and then use the same needle to withdraw another dose of insulin from the same bottle and inject it into a second inmate. The plaintiff immediately reported to prison officials at MacDougall-Walker that the medical staff member had contaminated the bottle of insulin using this method. This incident of insulin contamination allegedly required medical officials at MacDougall-Walker to review and revise policies and implement more stringent guidelines regarding the treatment of diabetic inmates. The plaintiff claims that some medical staff at MacDougall-Walker were angry because they believed that the extent of the response to the incident was excessive and the new guidelines governing treatment of diabetic inmates who required insulin were unnecessary.

The plaintiff contends that immediately after he reported the incident of insulin contamination, Medical Staff Members Caldonero, Jane Does 1-3 and John Does 1-3, Nurses Francis, Caroline, Nikki, Greene, Marissa and James and Physician

Assistant Rob began to give him a hard time with regard to his requests for refills and renewals of his various prescriptions. These defendants would either deny or unreasonably delay the renewals or refills of all of his prescriptions, but in particular his prescription for Ibuprofen.  The plaintiff states that he had been prescribed Ibuprofen to treat pain in his back, hip and wrist.

On several occasions, Dr. Naqvi or Dr. Pillai examined the plaintiff and renewed several of his prescriptions, including his prescription for Ibuprofen.  The plaintiff claims that, on these occasions, medical staff never dispensed Ibuprofen to him and failed to dispense the other prescribed medications in a timely manner.

The delays in refilling, renewing or dispensing the medications sometimes lasted for five to six weeks.  The plaintiff claims that when he was unable to take Ibuprofen, he experienced severe pain and his dominant hand became swollen and difficult to move.

The plaintiff contends that defendants failed to refill or renew his medication prescriptions and dispense the medications in a timely manner in retaliation for his bringing the insulin contamination incident to the attention of prison/medical

4

officials. The plaintiff also believes that the defendants intentionally delayed refilling or renewing his prescriptions in response to a mandate, initiated by Dr. Wu, directing medical staff at all prison facilities to "take drastic measures to reduce costs." Compl., ECF No. 1 at 5, ¶ 22.

The plaintiff claims that he is indigent and cannot buy Ibuprofen from the commissary. He states that he was successful in exhausting his administrative remedies regarding his claim of untimely refills and renewals of his prescription for Ibuprofen and other medications.

The plaintiff contends that the defendants conspired to deny him medical treatment in violation of his Eighth Amendment rights, retaliated against him in violation of his First and Seventh Amendment rights and failed to provide him with the same treatment provided to other inmates who were similarly situated in violation of the Equal Protection Clause of the Fourteenth Amendment rights. He also claims that the defendants violated Article 1, §§ 1, 4, 5, 10, 14, 20 of the Connecticut Constitution. He sues the defendants in their individual capacities only.

I.  **Seventh Amendment Claim**

The plaintiff alleges that the defendants violated his rights under the Seventh Amendment to the Constitution. The Seventh Amendment provides: "In Suits at common law . . . the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." The plaintiff states that he "is willing to waive his right to [a] jury [trial]." Compl., ECF No. 1 at 9.

The plaintiff has asserted no facts to suggest a plausible claim that any of the defendants violated his Seventh Amendment right to a jury trial. Thus, the Seventh Amendment claim is being dismissed as lacking an arguable legal or factual basis. See 28 U.S.C. § 1915A(b)(1).

**II. Fourteenth Amendment Claim**

The plaintiff generally contends that the defendants refused to provide him with "the same and equal adequate medical care as afforded all other inmates similarly situated to [him]" in violation of his right to equal protection under the Fourteenth Amendment. The Supreme Court has recognized that "[t]he Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is

6

essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982)). "This provision does not mandate identical treatment for each individual." Muhmmaud v. Murphy, 632 F. Supp. 2d 171, 178 (D. Conn. 2009) (citing City of Cleburne, 473 U.S. at 439-40).

In order to prove a violation of the Equal Protection Clause, a plaintiff must demonstrate evidence of "purposeful discrimination . . . directed at an identifiable or suspect class." Giano v. Senkowski, 54 F.3d 1050, 1057 (2d Cir. 1995)(citations omitted). Thus, to prevail on an equal protection claim, a plaintiff must allege that (1) compared with others similarly situated he or she was treated differently; and (2) that such different treatment was based on impermissible considerations such as "race, religion, national origin or some other constitutionally protected characteristic." See Colantuono v. Hockeborn, 801 F. Supp. 2d 110, 118 (W.D.N.Y. 2011) (citation omitted).

The plaintiff claims that the defendants did not provide him with the same medical treatment that they provided to other inmates. Without factual support, he states that the other

7

inmates were similarly situated to him.  He does not allege that the defendants treated him differently because of his membership in a protected class or based on any other impermissible characteristic.

A plaintiff who is not a member of a protected class, however, may also state an equal protection violation under the "class of one" theory.  Village of Willowbrook v. Olech*,* 528 U.S. 562, 564 (2000).  In Village of Willowbrook v. Olech, "the Supreme Court recognized that plaintiffs state an equal protection claim where they allege that they were intentionally treated differently from other similarly-situated individuals without any rational basis."  Clubside v. Valentin, 468 F.3d 144, 159 (2d Cir. 2006) (citation omitted).  "Accordingly, to succeed on a class-of-one claim, a plaintiff must establish that (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake."  Id. (citing Neilson v. D'Angelis, 409 F.3d 100, 105 (2d Cir. 2005), overruled on other grounds by Appel v.

Spiridon, 531 F.3d 138 (2d Cir. 2008). The plaintiff's circumstances and the other person's circumstances must be "*prima facie* identical." Id. (internal quotation marks and citation omitted).

To the extent that the plaintiff is comparing himself to other inmates who were confined at MacDougall-Walker and received medical treatment during the same time period he was confined at that facility, he has not alleged sufficient facts to show the requisite degree of similarity to those inmates. See Ruston v. Town Bd. for the Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010)(affirming dismissal of equal protection claim on ground that mere allegation of less favorable treatment than "similarly situated" persons failed to state plausible "class of one" equal protection claim) (citation omitted); Riley v. Roycroft, No. 16 CV 2227 (VB), 2017 WL 782917, at *8 (S.D.N.Y. Feb. 28, 2017)(conclusory allegation that inmate was denied medical care that was provided to other similarly situated inmates did not state viable equal protection claim because inmate "fail[ed] to allege facts that demonstrate[d] a substantial similarity between himself and the other inmates with whom he compare[d] himself"); Rankel v. Town of Somers, 999 F. Supp. 2d 527, 545 (S.D.N.Y. 2014) (dismissing class of one

9

equal protection claim because "[p]laintiff has provided no facts from which it may be plausibly inferred that these Neighbor Defendants or any other citizens were similarly situated. He provides no information about their properties, situations or conduct that would support the conclusory statement that they were similarly (let alone extremely similarly) situated.")(citation omitted). The plaintiff's conclusory allegation that other inmates who received medical treatment were similarly situated is insufficient to state a plausible equal protection "class of one" claim.

The court concludes that the plaintiff has failed to state a plausible claim that the defendants violated his equal protection rights. Accordingly, the Fourteenth Amendment equal protection is being dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1).

**III. Remaining Section 1983 Claims**

The plaintiff alleges that the failure of the defendants to timely refill and renew his prescriptions and dispense his medications, particularly his prescription for Ibuprofen, constituted deliberate indifference to medical needs. In addition, he contends that the delays in refilling, renewing and dispensing his medications by defendants Caldonero, Jane Does 1-

10

3, John Does 1-3, Francis, Caroline, Nikki, Greene, Marissa, James and Rob constituted retaliation for the exercise of his First Amendment rights to file a grievance, to file a lawsuit or to report the contamination of medication used to treat inmates.

A review of the court docket reflects that on September 13, 2016, the plaintiff filed a civil rights action in this court naming Medical Staff Member Lisa Caldonero, Jane Does 1-3 and John Does 1-3, Nurses Francis, Caroline, Nikki, Greene, Marissa and Tawanna, Physician Assistants Rob and McChrystal, Drs. Naqvi, Pillai and O'Halloran, Medical Director Dr. Wu, Health Services Administrator Lightner and Correctional Managed Health Care as defendants. See Harnage v. Wu, et al., Case No. 3:16-cv-1543 (AWT), Compl., ECF No. 1 at 1-5.

A district court enjoys substantial discretion to manage its docket efficiently to avoid duplicate litigation. See Taylor v. Rodriguez, 238 F.3d 188, 197 (2d Cir. 2001) (acknowledging that a district court may dismiss a second suit as duplicative of an earlier suit). A plaintiff has "no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." Curtis v. Citibank, N.A., 226 F.3d 133, 139 (2d Cir. 2000). The Second Circuit has concluded that "[t]he complex problems that can

11

arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion." Id. (citations omitted). Generally, the first suit to be filed "should have priority absent the showing of balance of convenience . . . or . . . special circumstances" in favor of the second action. Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991) (internal quotation marks and citation omitted).

If it is possible for a plaintiff to amend the complaint in each action to contain all of the issues and parties presently contained in either action, the continuation of the first action to be filed is favored. See Hammett v. Warner Brothers Pictures, Inc., 176 F.2d 145, 150 (2d Cir. 1949); Gyadu v. Hartford Ins. Co., No. 3:96cv1755 (D. Conn. Apr. 21, 1997) (Squatrito, J.) (dismissing case under "prior pending action doctrine" where plaintiff could raise all causes of action by amended complaint in his first action), aff'd, 133 F.3d 907 (2d Cir. 1998). To determine whether a claim is barred by the prior pending action doctrine, the court may rely on a comparison of the pleadings filed in the two actions. See Connecticut Fund for the Environment v. Contract Plating Co., 631 F. Supp. 1291, 1293 (D. Conn. 1986).

The complaint filed in this action and the complaint filed in the prior action include the same deliberate indifference to medical needs claims with regard to renewals and refills of medical prescriptions for various medical conditions, including the prescription for Ibuprofen with respect to the plaintiff's back, hip and wrist pain.  In addition, both the complaint in this action and the complaint in the prior action include a claim that medical staff at MacDougall-Walker discontinued or refused to renew or refill prescriptions in retaliation for the plaintiff reporting an incident or for filing a lawsuit.  All of the defendants named in this action, except for Nurses Francis and James are listed as defendants in the prior action.[1]  The court can discern no reason why the plaintiff cannot amend the complaint in prior case to add Nurses James and Francis as defendants and to add the retaliation claim against Medical Staff Members Caldonero, Jane Does 1-3 and John Does 1-3, Nurses Francis, Caroline, Nikki, Greene, Marissa and James and Physician Assistant Rob.  The deliberate indifference to medical needs and retaliation claims in the present action are being

---

[1] The court notes that the plaintiff refers to a Nurse named James in the body of the complaint.  See Harnage v. Wu, et al., Case No. 3:16cv1543(AWT), Compl., ECF No. 1 at 12-13.

13

dismissed under the prior pending action doctrine.  See 28 U.S.C. § 1915A(b)(1).

**IV. Section 1985 and 1986 Claims**

In addition to 42 U.S.C. § 1983, the plaintiff states that the court has jurisdiction pursuant to 42 U.S.C. §§ 1985 and 1986.  The first two subsections of 42 U.S.C. § 1985 clearly are not relevant to this action.  Section 1985(1) prohibits conspiracies to prevent federal officials from performing their duties and section 1985(2) prohibits conspiracies intending to deter witnesses from participating in state or federal judicial proceedings.  The plaintiff is not a federal official and his claims are not related to participation of witnesses in judicial proceedings.

In order to state a claim under section 1985(3), the plaintiff must allege: (1) the defendants were part of a conspiracy; (2) the purpose of the conspiracy was to deprive a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act taken in furtherance of the conspiracy; and (4) an injury to his person or property, or a deprivation of a right or privilege.  See Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971).  Furthermore, the plaintiff must show that the

conspiracy was motivated by a "racial, or perhaps otherwise class-based invidiously discriminatory animus." Id. at 102. Section 1985(3) may not be construed as a "general federal tort law"; it does not provide a cause of action based on the denial of due process or other constitutional rights. See id. at 101-02.

To the extent that the plaintiff has alleged that any of the defendants acted together to violate his rights, those allegations are conclusory. Furthermore, there are no allegations that the actions of any defendant were taken because of the plaintiff's race or on the basis of other class-based discriminatory animus. Thus, the plaintiff fails to state a claim cognizable under section 1985(3). The Section 1985 claim is being dismissed. See 28 U.S.C. § 1915A(b)(1).

Section 1986 provides no substantive rights. Rather, it provides a remedy for the violation of section 1985. Thus, a prerequisite for an actionable claim under section 1986 is a viable claim under section 1985. See Dwares v. New York, 985 F.2d 94, 101 (2d Cir. 1993) ("Liability under § 1986 . . . is dependent on the validity of a claim under § 1985.") (citation omitted). Because the plaintiff has not stated a section 1985

15

claim, his section 1986 claim is not actionable and is being dismissed. See 28 U.S.C. § 1915A(b)(1).

### Orders

In accordance with the foregoing analysis, the court enters the following orders:

(1) The Seventh Amendment claim, Fourteenth Amendment equal protection claim and the claims pursuant to 42 U.S.C. §§ 1985 and 1986 are hereby **DISMISSED** pursuant 28 U.S.C. § 1915A(b)(1), and the Eighth and First Amendment claims against all defendants are hereby **DISMISSED** as barred by the prior pending action doctrine pursuant to 28 U.S.C. § 1915A(b)(1). The plaintiff may move to file an amended complaint in Harnage v. Wu, et al., Case No. 3:16-cv-1543 (AWT) to elaborate on his deliberate indifference to medical needs claim as it pertains to refills and renewals of the prescription for pain medication and to assert the new retaliation claim. The court declines to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3); Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 117-18 (2d Cir. 2013). If the plaintiff chooses to appeal this decision, he may not do so in forma pauperis, because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

(2) The Clerk is directed to enter judgment for the defendants and close this case.

It is so ordered.

Signed this 17th day of May, 2017, at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge